NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN VALDEZ, | No. 19-16123 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01352-JAM-DMC |
| v. | |
| MATTHEW CATE, Secretary of Corrections, California Department of Corrections; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| J. MAYHEW, Institutional Gang Investigator Lieutenant, CSP - Sacramento; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 3, 2020**

Before: MURGUIA, CHRISTEN, and BADE, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California state prisoner Ruben Valdez appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process violations in connection with his gang validation and placement in the secured housing unit ("SHU"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Furnace v. Guirbino*, 838 F.3d 1019, 1023 n.1 (9th Cir. 2016) (dismissal on the basis of res judicata); *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999) (judgment on the pleading). We affirm.

The district court properly dismissed Valdez's action as barred by the doctrine of res judicata because Valdez litigated the same claims in California state court against the same parties or their privies which resulted in a final judgment on the merits. *See Furnace*, 838 F.3d at 1023-26 (setting forth the elements of claim preclusion under California law and finding a California habeas petition had a preclusive effect on federal civil rights action because both actions challenged plaintiff's gang validation and SHU placement).

The district court did not abuse its discretion in denying Valdez's motion to amend his complaint because amendment would have been futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be futile).

**AFFIRMED.**